THE CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY v. JOSEPH FERGUSON.

No. 14,616.   (86 Pac. 471.)

SYLLABUS BY THE COURT.

RAILROADS—*Injury to Passenger Riding in a Vestibule—Negligence of the Porter.* Even if it be contributory negligence for a passenger to ride within the vestibule of a coach in a railway-train, which we do not decide, the reckless pushing or jostling of a passenger by a train porter which causes the passenger to fall through an opening in the vestibule and off the train is negligence which renders the railroad company liable for damages resulting from such fall.

Error from Smith district court; RICHARD M. PICKLER, judge. Opinion filed July 6, 1906. Affirmed.

## STATEMENT.

THE plaintiff entered a passenger-train of the defendant at Esbon, Jewell county, to ride as a passenger, having procured a ticket for his passage to Lebanon, the next station, about six miles west. The stations at both Esbon and Lebanon are on the north side of the main track. At Mankato, several miles to the east of Esbon, is the nearest station which is upon the south side of the main track. There were only two day coaches designed for the carrying of passengers in the train. The seats in these two coaches were all occupied and some passengers were standing in the aisles when the plaintiff, with several other passengers, entered the train. The platforms to the chair-car and the smoker were vestibuled, and while riding from Esbon to Lebanon the plaintiff and several other passengers stood on the platform in the vestibule between the two coaches, the plaintiff leaning against the end of the smoking-car, at the side of the door to that coach. As the train approached the station of Lebanon a train porter, in discharging his duty to assist passengers preparing to leave the train, picked up a grip and jostled against the plaintiff, which threw him out of his balance and caused him to fall from the train through the open vestibule at the end of the smoker on the south side, from which fall he received the injuries complained of.

The jury returned the following answers to special questions, upon which the defendant claims that it is entitled to a reversal of the judgment in this case:

"(10) Ques. Was there room on the chair-car and in the smoking-car for a person to sit or stand in this train while going from Esbon to Lebanon? Ans. Yes.

"(11) Q. Could not the plaintiff have stood in the chair-car or smoking-car on this train, while going from Esbon to Lebanon? A. Yes.

"(12) Q. Could not the plaintiff have seen, if he had looked, that the vestibule door was open, if it was

open, on the south side, where he was standing, at the time the train was nearing Lebanon? A. Yes."

*M. A. Low, W. F. Evans,* and *Paul E. Walker,* for plaintiff in error.

*D. M. Relihan,* and *J. T. Reed,* for defendant in error.

The opinion of the court was delivered by

SMITH, J.: We do not think these facts entitle the defendant to a reversal of the judgment. While the plaintiff might have seen, if he had looked, that the vestibule door was open, he had no reason to suspect that it was open. It was the duty of the trainmen to keep it closed between stations, and he had a right to rely upon their performance of this duty. The evidence is that the plaintiff did not, in fact, see that the door was open. On the other hand it was the duty of the porter to know whether or not the door was open, and he is conclusively presumed to have acted with the knowledge he should have possessed.

The jury were justified in believing from the evidence that the porter, knowing the door was open, recklessly pushed or jostled the plaintiff and caused him to fall through the door and off the train. If so, the negligence of the porter was the proximate cause of the resulting injuries; and if, as the defendant contends, the plaintiff was guilty of negligence in riding within the vestibule instead of within a coach, which we do not decide, it is still liable for such negligence of the porter.

The judgment of the district court is affirmed.

All the Justices concurring.